RECEIVED
IN LAKE CHARLES, LA
APR - 2 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20089-010 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ISRAEL ROMERO BAUTISTA | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to ¶¶ 7 and 8, claiming that the information contained in these paragraphs was first given to the Government in his debriefing and was provided pursuant to a *Kastigar* letter. Probation responds that the information was obtained from the defendant on September 6, 2006, prior to the *Kastigar* letter and after the defendant had been mirandized.

The probation officer, in relying on the investigative reports prepared by the Department of Homeland Security Immigration and Customs Enforcement from the defendant's apprehension on September 6, 2006, was relying on information independent from that presented by Bautista in his debriefing. The inclusion of the information in ¶¶ 7 and 8 was not barred by the *Kastigar* letter. *United States v. Gibson*, 48 F.3d 876, 879 (5th Cir.1995). This objection is OVERRULED.

The defendant's objection to ¶11 does not require a ruling by this court.

Lastly, the defendant asserts that he is eligible for a two-level or four-level decrease as a minor or minimal participant. U.S.S.G. §3B1.2 allows a court to reduce a defendant's sentence if

he was either a minor or minimal participant in the criminal activity. The defendant bears the burden of proving that his role in the offense was minor or minimal,[1] and sentence reduction under this provision is "generally appropriate only if a defendant is substantially less culpable than the average participant."[2]

The probation officer responds that Bautista did not lack knowledge or understanding of the scope and structure of the criminal enterprise. He was involved in transporting the drugs and in counting the currency derived from sales of the drugs. Bautista counted amounts between $80,000 and $100,000 dollars several times and he prepared the money to be transported to Mexico. In the Stipulated Factual Basis which is a part of his plea agreement, Bautista acknowledged that he was part of a conspiracy that transported and distributed over five kilograms of cocaine.

The evidence establishes that Bautista was not a minor or minimal participant. Absent any evidence establishing a diminished role by the defendant, this objection is OVERRULED.

Lake Charles, Louisiana, this 2 day of April, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1] *United States v. Brown*, 7 F.3d 1155, 1160 n. 2 (5th Cir.1993).

[2] *United States v. Flucas*, 99 F.3d 177, 180-81 (5th Cir.1996); *United States v. Franklin*, 148 F.3d 451, 461 n. 44 (5th Cir.1998).